# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MUSHUN DEONTRANY MCDOWELL, #K1103**                                        **PLAINTIFF**

**VERSUS**                                                               **CIVIL ACTION NO.4:09-cv-126-HTW-LRA**

**UNKNOWN REESE, et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff McDowell, an inmate of the Mississippi Department of Corrections, incarcerated at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Unknown Reese, Dale Caskey and Christopher B. Epps.

Plaintiff is requesting a transfer out of East Mississippi Correctional Facility. Plaintiff states that he was told that once his level of care was level "B" or higher that he could be transferred out of EMCF. Plaintiff claims that he is now care level "A" and thus should be transferred to another facility. Plaintiff also argues that he has had several friends and family members die as of late and needs to be closer to family. Further, Plaintiff states that he is being treated with cruel and unusual punishment because the Defendants refuse to transfer him to another facility. As relief in this suit, Plaintiff is requesting to be transferred to a facility closer to his family.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983)(a prison transfer, in and of itself, does not deprive an inmate of any liberty interest protected by the Due Process Clause); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997). Thus, the Defendants' failure to transfer Plaintiff does not invoke Constitutional protection.

Plaintiff's claim that he was being treated with cruel and unusual punishment fails to rise to the level of a constitutional violation as well. To assert a cognizable claim under the Eighth Amendment's prohibition against cruel and unusual punishment, the inmate must suffer punishment that rises to the level of an "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The fact that Plaintiff has been denied transfer to another facility is not an "unnecessary and wanton infliction of pain." Therefore, Plaintiff has failed to state a claim that the Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

## CONCLUSION

As explained above, Plaintiff has failed to state a claim upon which relief may be granted, therefore, this complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[1] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the 28th day of December, 2009.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."